HERBERT HERFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29036.   Promulgated September 29, 1930.

*F. E. Hagler, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

Love: For the petitioner there appeared three witnesses: petitioner himself, his attorney at the time of these transactions, and the internal revenue agent who made the examination and report resulting in this asserted deficiency. Their testimony was entirely harmonious and consistent, and respondent did not attempt to controvert it. Only petitioner was cross-examined; he was asked only one question, and his reply tended to strengthen rather than to disparage his testimony on direct examination. No evidence of any kind was introduced on behalf of respondent, who stood on his answer to petitioner's pleadings.

Petitioner does not contest the amount of $695.64 added to the income of the Herff Motor Corporation for excessive depreciation and capital expenditures; but he denies that the miscellaneous credits of $2,489.15, and the contract deposits of $9,300 were properly included in its income.

In the statement accompanying the notice of deficiency, the Commissioner says:

Miscellaneous credits representing amounts due to former customers, and contract deposits representing amounts deposited with the corporation by its agents have been included in taxable income, as there is no evidence that any payments in connection with these items have been made.

Petitioner swears that these items were paid either by the corporation or by himself; his attorney at that time, to whom he turned over the unfinished business of the corporation to complete its liquidation, testified to the same effect; and the revenue agent who made the examination testified that he could not say that they had not been paid, and that these amounts could not have been built up from the cash books available.

The ledger was lost and it appears that no later balance sheet was at hand, when the agent made his examination, than that on the corporation's income-tax return for the fiscal year ended February 28, 1921, upon which these items were shown as liabilities. In the absence of any later documentary information in regard to them, and being without proof from the books that they had been paid, the agent added them to the corporation income, apparently upon the theory that if they had not been paid they constituted income. With the soundness of that reasoning we are not now concerned, for we believe that it has been adequately shown that all these liabilities, if they existed at all after February 28, 1922, had been paid

and extinguished from the funds of the corporation or of petitioner by either petitioner or his attorney before the corporation was liquidated and its charter surrendered at some undisclosed date after February 28, 1923.

We therefore redetermine the deficiency of the Herff Motor Corporation for the fiscal year ended February 28, 1923, as below, and hold that by reason of the fact that petitioner is the transferee on dissolution of the Herff Motor Corporation, and received in such dissolution, assets of greater value than the amount of deficiency herein determined, that he is liable for such deficiency:

| | |
|---|---|
| Net income reported | $3,432.64 |
| Add: | |
| Excessive depreciation | 544.64 |
| Capital expenditure | 151.00 |
| Adjusted net income | 4,128.28 |
| Less: | |
| Exemption | 2,000.00 |
| Balance subject to tax at 12½% | 2,128.28 |
| Tax at 12½% | 266.04 |
| Original assessment | 116.58 |
| Deficiency in tax | 149.46 |

*Judgment will be entered in conformity with this opinion.*